HYMAN–MICHAELS COMPANY, an
Illinois Corporation, Plaintiff,

v.

SWISS BANK CORPORATION, a Swiss
Corporation, Defendant and Third
Party Plaintiff,

v.

CONTINENTAL ILLINOIS NATIONAL
BANK AND TRUST COMPANY OF
CHICAGO, a national banking associa-
tion, Third-Party Defendant.

No. 73 C 2643.

United States District Court,
N. D. Illinois, E. D.

Aug. 13, 1980.

Joel J. Sprayregen, Aaron, Aaron, Schim-
berg & Hess, Chicago, Ill., for plaintiff.

John L. Conlon, Hopkins, Sutter, Owen,
Mulroy & Davis, Alan N. Salpeter, Mayer,
Brown & Platt, Chicago, Ill., for defendant
and third party plaintiff.

ORDER

ROSZKOWSKI, District Judge.

Before the court is the motion of Conti-
nental Illinois National Bank and Trust
Company of Chicago ("Continental"), third
party defendant, to dismiss the counter-
claim filed by plaintiff, Hyman-Michaels
against Continental and, upon that dismiss-
al, to withdraw the counterclaim filed by
Continental against Hyman-Michaels. For
the reasons herein stated, this court denies
Continental's motion.

The principal question facing this court is
whether the Supreme Court's decision in
*Owen Equipment & Erection Co. v. Kroger*,
437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274
(1978) applies to the instant case so as to
deprive this court of jurisdiction over the
third party defendant, Continental.

As might be expected, Continental con-
tends that *Owen* requires that this court
dismiss the third party defendant while Hy-
man-Michaels, plaintiff, contends that
*Owen* does not mandate this result.

This court's jurisdiction over both the
main action and the third party action is
invoked pursuant to diversity jurisdiction.
28 U.S.C. § 1332(a)(1).

28 U.S.C. § 1332(a)(1) confers upon feder-
al courts jurisdiction over "civil actions
where the matter in controversy exceeds
the sum or value of $10,000 . . . and
is between . . . citizens of different
states." As the Supreme Court noted in

*Owen*, this statute and its predecessors have consistently been held to require complete diversity of citizenship. 98 S.Ct. at 2403 and fn. 13.

Continental's present motion to dismiss is founded on its contention that because plaintiff, Hyman-Michaels, and third-party defendant, Continental, are both citizens of Illinois for purposes of diversity jurisdiction, the complete diversity requirement is not met and, therefore, under *Owens* this court lacks jurisdiction over the third-party defendant.

The instant case is not, on its facts, identical to *Owen v. Kroger.* Consequently, this court is required to decide whether *Owen* is meant to extend to the circumstances in this case.

In *Owen*, plaintiff, an Iowa citizen brought suit in federal court against defendant, the Omaha Public Power District (OPPD), a Nebraska corporation under diversity jurisdiction. Thereafter, defendant, OPPD, filed a third party complaint pursuant to Fed.R.Civ.P. 14(a) against Owen Equipment and Erection Company (Owen), a Nebraska corporation with its principal place of business in Iowa. Subsequently, plaintiff Kroger filed an amended complaint naming Owen as an additional defendant.

It was the filing of this amended complaint, in which the Iowa plaintiff brought in as a co-defendant, a corporation with its principal place of business in Iowa, which was found to defeat the complete diversity requirement of 28 U.S.C. § 1332(a)(1). The Court in *Owen* held that, where complete diversity was lacking between all the plaintiffs and all the defendants and no other independent basis for federal jurisdiction existed, the doctrine of ancillary jurisdiction did not vest the federal court with jurisdiction. To hold otherwise, reasoned the Court, would defeat the statutory requirement of complete diversity.

Thus it is clear that the respondent could not originally have brought suit in federal court naming Owen and OPPD as codefendants, since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued Owen initially. In either situation, in the plain language of the statute, the "matter in controversy" could not be "between . . . citizens of different states."

It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded. Yet . . . a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants.

98 S.Ct. at 2403.

In the present case, the plaintiff, Hyman-Michaels, an Illinois corporation brought suit in federal court against defendant Swiss Bank, a Switzerland corporation, under diversity jurisdiction. Thereafter, Swiss Bank filed a third-party complaint pursuant to Fed.R.Civ.P. 14(a) against Continental, an Illinois corporation, under diversity of citizenship.

Up to this point, the instant case is comparable to the *Owen* case. The following events, however, distinguish the *Owen* case from the one before this court.

Subsequently, third party defendant, Continental, filed a counterclaim against plaintiff Hyman-Michaels. Hyman-Michaels then filed a counterclaim, as opposed to an amended complaint as in *Owen*, against Continental.

Continental contends that the filing of this counterclaim by Hyman-Michaels, an Illinois plaintiff, against Continental, third party defendant and an Illinois corporation, operates to defeat the complete diversity requirement of 28 U.S.C. § 1332(a)(1) just as the filing of the amended complaint did in *Owen*. This court disagrees.

In determining whether the complete diversity requirement applies equally to the

filing of the counterclaim here as it does to the filing of an amended complaint, which brings a third party defendant into the suit as a co-defendant, this court turns first to the Supreme Court's statement in *Owen* that:

> The ancillary jurisdiction of the federal courts derives originally from cases such as *Freeman v. Howe*, 24 How. 450, 16 L.Ed. 749, which held that when federal jurisdiction "effectively controls the property or fund under dispute, other claimants thereto should be allowed to intervene in order to protect their interests, without regard to jurisdiction." *Aldinger v. Howard*, 427 U.S. 1, 11 [96 S.Ct. 2413, 49 L.Ed.2d 276] (1975). More recently, it has been said to include cases that involve multiparty practice, such as compulsory counterclaims . . . impleader . . cross-claims . . . or intervention as of right . . . . . [citations omitted].

98 S.Ct. at 2404 fn. 18.

In this regard, the Supreme Court noted that:

> . . . in determining whether jurisdiction over a nonfederal claim exists, the context in which the nonfederal claim is asserted is crucial. See *Aldinger v. Howard*, 427 U.S. at 14 [96 S.Ct. 2413].

98 S.Ct. at 2404.

The *Owen* Court found that the claim in that case was quite different from the kinds of nonfederal claims that have been viewed in other cases as falling within the ancillary jurisdiction of the federal courts.

> First, the nonfederal claim in this case was simply not ancillary to the federal one in the same sense that, for example, the impleader by a defendant of a third-party defendant always is. A third-party complaint depends at least in part upon the resolution of the primary lawsuit. . . . Its relation to the original suit is thus not mere factual similarity but logical dependence. Cf. *Moore v. N. Y. Cotton Exchange*, 270 U.S. 593, 610 [46 S.Ct. 367, 70 L.Ed. 750]. The respondent's claim against petitioner [in *Owen*], however, was entirely separate from her original claim against OPPD, since the petitioner's liability to her depended not at all upon whether or not OPPD was also liable. Far from being an ancillary and dependent claim, it was a new and independent one.
>
> Second, the nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court. By contrast, ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court. A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations.

98 S.Ct. at 2404.

In the instant case, Hyman-Michael's complaint seeks damages from the Swiss Bank for certain alleged damages claimed to have been caused by Swiss Bank's failure to make a timely transfer of funds pursuant to a telex message sent to it by Continental on plaintiff's behalf on April 26, 1973.

Plaintiff contends that it is Swiss Bank's failure to timely pay the nineteenth installment of charter hire to the Pandora's owner's account which caused the Pandora to be withdrawn from the charter thereby damaging plaintiff. Plaintiff contends that Swiss Bank's actions 1) were in violation "of its agreement with and undertaking to plaintiff as well as in violation of established commercial practices" (Count I); 2) were in breach of its duty to plaintiff to make immediate payment of the nineteenth installment to the owner's account (Count II); and 3) were in breach of its fiduciary duties to plaintiff.

Swiss Bank denied the essential elements of plaintiffs' complaint and filed a third party complaint against Continental claiming that if plaintiff succeeded in obtaining a judgment against Swiss Bank, then Swiss Bank was entitled to a judgment against

Continental for all sums that may be adjudged against Swiss Bank. Swiss Bank's complaint against Continental contends that it was Continental's 1) failure to take appropriate action as to the payment of the nineteenth installment; 2) failure to warn plaintiff of possible transmission delays; and 3) carelessness in sending the telex message to the wrong telex machine, which caused any damages suffered by plaintiff.

Continental answered the third party complaint denying any liability on its part and contending that Swiss Bank's own negligence barred it from recovering against Continental. In addition, Continental filed a counterclaim against plaintiff contending that plaintiff was careless and negligent and failed to act in a commercially reasonable manner by failing to request far enough in advance that Continental send the nineteenth installment (Count I) and that this failure to warn Continental that time was of the essence breached express provisions of a contract between Continental and plaintiff (Count II).

Plaintiff, as a consequence, filed an answer denying the allegations in this counterclaim and counterclaimed against Continental contending that Continental's actions with respect to effectuating payment of the nineteenth installment 1) violated established commercial practices (Count I); 2) breached Continental's duty of care to plaintiff (Count II); and 3) breached the fiduciary duty owed plaintiff (Count III).

Contrary to Continental's contentions, this court concludes that this court's ancillary jurisdiction is properly invoked in this case and that the holding in *Owen* is inapposite to the instant case.

First, the counterclaim filed by Hyman-Michaels in the instant case is one of those kinds of non-federal claims specifically mentioned by the *Owen* Court as falling within a courts ancillary jurisdiction. 98 S.Ct. at 2404 fn. 8. Unlike the circumstances in *Owen*, where the plaintiff caused the complete diversity requirement to be defeated, Continental, third party defendant's filing of a counterclaim against plaintiff forced plaintiff to respond or to waive its objections. In its response, plaintiff has not made Continental a co-defendant as the plaintiff in *Owen* did. Additionally, the main action and the third party action here are both factually related and logically dependent.

To grant Continental's motion would produce an anomalous result at best. Then, any third party defendant properly brought into a suit could defeat a court's ancillary jurisdiction by forcing a plaintiff, who had not sued the third party defendant, to respond to claims and thereby defeat this court's jurisdiction or to waive its objections to claims by not responding.

Accordingly, it is ordered that Continental's motion to dismiss be and the same is hereby denied. Continental's motion for oral argument is likewise denied.